UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

BENJAMIN WEI,
   a/k/a "Ben Wei,"

             Defendant.

~~Proposed~~
**Order of Restitution**

S2 23 Cr. 133 (JMF)

---

Upon the application of the United States of America, by its attorney, Jay Clayton, United States Attorney for the Southern District of New York, Qais Ghafary, Danielle Kudla, Kevin Mead, Assistant United States Attorneys, of counsel; the presentence investigation report; the defendant's conviction on Counts One through Three of the Information, S2 23 Cr. 133; and all other proceedings in this case, it is hereby ORDERED that:

**1.**     **Amount of Restitution**

BENJAMIN WEI (the "Defendant") shall pay restitution in the total amount of $3,574,311, pursuant to 18 U.S.C. § 3663; 18 U.S.C. § 3663A, to Polar Air Cargo Worldwide, Inc. ("Polar"), the victim of the offenses charged in Counts One through Three of the Information. The address of Polar is set forth in the Schedule of Victims, attached hereto as Schedule A. Upon advice by the United States Attorney's Office of a change of address of a victim, the Clerk of Court is authorized to send payments to the new address without further order of this Court.

A. **Joint and Several Liability**

Restitution is joint and several with the following defendants in *United States v. Winkelbauer et al.*, 23 Cr. 133 (JMF), and *United States v. Filimaua, et al.*, 22 Cr. 261 (JMF), in the amounts set forth below:

| Amount | Loss Attributable to Vendor/Customer | Joint and Several Liability With |
|---|---|---|
| $3,574,311 | Griffin Cargo | Winkelbauer, Kurien, and Filimaua |

The defendant's liability to pay restitution shall continue unabated until either the defendant has paid the full amount of restitution ordered herein, or every victim in Schedule A has recovered the total amount of each loss from the restitution paid by the defendant and all co-defendants ordered to pay the same victims.

2. **Schedule of Payments**

Pursuant to 18 U.S.C. § 3664(f)(2), in consideration of the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled; projected earnings and other income of the defendant; and any financial obligations of the defendant; including obligations to dependents, the defendant shall pay restitution in the manner and according to the schedule that follows:

In the interest of justice, restitution will be payable in installments pursuant to 18 U.S.C. § 3572(d)(1) and (2). The defendant will immediately commence monthly installment payments of at least 10 percent of the defendant's gross income, payable on the fifteenth day of each month. This schedule is without prejudice to the Government taking enforcement actions, pursuant to 18 U.S.C. § 3613, to the extent warranted.

3. **Payment Instructions**

The defendant shall make restitution payments by certified check, money order, or online. Instructions for online criminal debt payments are available on the Clerk of Court's website at https://nysd.uscourts.gov/payment-information#PaymentofCriminalDebt. Checks and money orders shall be made payable to the "SDNY Clerk of Court" and mailed or delivered to: United States Courthouse, 500 Pearl Street, New York, New York 10007 - Attention: Cashier, as required by 18 U.S.C. § 3611. The defendant shall write his/her name and the docket number of this case on each check or money order.

4. **Change in Circumstances**

The defendant shall notify, within 30 days, the Clerk of Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Attn: Financial Litigation Program) of (1) any change of the defendant's name, residence, or mailing address or (2) any material change in the defendant's financial resources that affects the defendant's ability to pay restitution in accordance with 18 U.S.C. § 3664(k).

5. **Term of Liability**

The defendant's liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the defendant's release from imprisonment, as provided in 18 U.S.C. § 3613(b). Subject to the time limitations in the preceding sentence, in the event of the death of the defendant, the defendant's estate will be held responsible for any unpaid balance of the restitution amount, and any lien filed pursuant to 18 U.S.C. § 3613(c) shall continue until the estate receives a written release of that liability.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____  8/5/25
Qais Ghafary                          DATE
Danielle Kudla
Kevin Mead
26 Federal Plaza, 37th Fl.
New York, New York 10007
Tel.: (212) 637–6521

BENJAMIN WEI

By: _____  8/5/25
Benjamin Wei                          DATE

By: _____  8/5/25
David M. Siegal, Esq.                 DATE
Attorney for Defendant
666 Third Avenue
New York, New York 10017

SO ORDERED:

_____
HONORABLE JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE
August 5, 2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA            Schedule A

        v.

                                                       S2 23 Cr. 133 (JMF)

BENJAMIN WEI,
   a/k/a "Ben Wei,"

                Defendant.

---

| Victim and Contact Information | Amount |
|---|---|
| Polar Air Cargo Worldwide, Inc. c/o Cravath, Swaine & Moore LLP Attn.: Lindsay Timlin, Esq., Two Manhattan West, 375 Ninth Avenue New York, NY 10001 | $3,574,311 |

2023.2.16                                    5