UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
                                      :
UNITED STATES OF AMERICA              :
                                      :    CONSENT PRELIMINARY
          - v. -                      :    ORDER OF FORFEITURE/
                                      :    MONEY JUDGMENT
BENJAMIN WEI,                         :
   a/k/a "Ben Wei,"                   :    S2 23 Cr. 133 (JMF)
                                      :
          Defendant.                  :
                                      :
------------------------------------- x

WHEREAS, on or about October 26, 2023, BENJAMIN WEI, (the "Defendant"), was charged in a three-count Information, S2 23 Cr. 133 (JMF) (the "Information), with conspiracy to commit wire fraud and honest services fraud, in violation of Title 18, United States Code, Section 1349 (Count One); wire fraud, in violation of Title 18, United States Code, Section 1343 and 2 (Count Two); and conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Three);

WHEREAS, the Information included a forfeiture allegation as to Counts One and Two of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information, including but not limited to, a sum of money in United States representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information;

WHEREAS, the Information included a forfeiture allegation as to Count Three of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(A), of any and all property, real and personal, involved in the offense charged in Count Three of the Information or any property traceable to such property, including but not

limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count Three of the Information;

WHEREAS, on or about October 26, 2023, the Defendant pled guilty to Counts One through Three of Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One through Three of the Information and agreed to forfeit, pursuant to (i) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), a sum of money in United States currency representing proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information; and (ii) pursuant to Title 18, United States Code, Section 982(a)(1), a sum of money representing the property involved in the offense charged in Count Three of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $4,000,000 in United States currency representing (i) the proceeds traceable to the offenses charged in Counts One and Two of the Information that the Defendant personally obtained; and (ii) property involved in the offense charged in Count Three of the Information (the "Money Judgment");

WHEREAS, the Defendants admits that as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One and Two of the Information that the Defendant personally obtained and property involved in Count Three of the Information, cannot be located upon the exercise of due diligence;

WHEREAS, the Defendant has completed a financial affidavit which was provided to the United States on or about August 4, 2025, and the Defendant has sworn, under penalty of perjury, that this affidavit is a true and accurate description of his current finances;

WHEREAS, the Defendant agrees to the following payment schedule (the "Payment Schedule") to satisfy the Money Judgment:

a. The Defendant shall make a make a payment to the United States in the amount of $300,000 within thirty (30) days of the entry of this Consent Preliminary Order of Forfeiture/Money Judgment (the "Initial Payment");

b. Following the Initial Payment, the Defendant shall make monthly payments to the Government in the amount of $1,100 in United States currency or 10% of Defendant's gross income, whichever is greater (the "Monthly Payments", together with the Initial Payment, the "Payments");

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Qais Ghafary, of counsel, and the Defendant and his counsel, David M. Siegal, Esq., that:

1. As a result of the offenses charged in Counts One through Three of the Information, to which the Defendant pled guilty, a money judgment in the amount of $4,000,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Information that the Defendant personally obtained and property involved in the offense charged in Count Three of the Information, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, BENJAMIN WEI, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

3. The Defendant shall make the Payments as set forth in the Payment Schedule.

4.  Upon receiving a total amount of $3,200,000 in United States currency from the Defendant, the Government shall deem the Money Judgment to be fully satisfied.

5.  During the Payment Schedule period, the Government agrees to not take any action pursuant to Title 21, United States Code, Section 853(p) to satisfy the Money Judgment.

6.  In the event, Defendant fails to comply with the Payment Schedule, the Money Judgment shall be immediately due and the United States may take action pursuant to Title 21, United States Code, Section 853(p) to collect up to the entirety of the outstanding Money Judgment.

7.  At the Government's request, the Defendant agrees to provide documentation reflecting his income to ensure the appropriate Monthly Payments are made pursuant to the Payment Schedule.

8.  All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the "United States Marshals Service ," and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

9.  The United States Marshal Service or its designee shall be authorized to deposit the payment on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

10. Subject to the Payment Schedule, pursuant to 21 U.S.C. § 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

11. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

12. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

13. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____  8/5/25
Qais Ghafary                    DATE
Assistant United States Attorney
26 Federal Plaza
New York, NY 10278
(212) 637-2534


BENJAMIN WEI

By: _____  8/5/25
Benjamin Wei                    DATE

By: _____  8/5/25
David M. Siegal, Esq.           DATE
Attorney for Defendant
666 Third Avenue
New York, New York 10017


SO ORDERED:

_____
HONORABLE JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE
August 5, 2025